UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 16-10844-RWZ


CASTLE PEAK 2011-1 LOAN TRUST
and SELENE FINANCE LP

v.

DUSAN PITTNER


MEMORANDUM AND ORDER

March 29, 2017


ZOBEL, S.D.J.

 Appellants, Castle Peak 2011-1 Loan Trust ("Castle Peak") and Selene Finance
LP ("Selene Finance") (collectively the "Appellants"), appeal an April 12, 2016 final
order of the United States Bankruptcy Court for the District of Massachusetts (the
"Bankruptcy Order") that denied Appellants' motion to dismiss appellee's, Dusan
Pittner's ("Pittner"), complaint.  Appellants argue that the bankruptcy court committed
error by failing to dismiss counts II–IV of the complaint, over which, they argue, the
court lacked subject matter jurisdiction.

## I.   Background[1]

### A.   Procedural Background

On March 25, 2012, Pittner filed a Chapter 11 bankruptcy petition.

Approximately a year later, Pittner filed a second amended Chapter 11 plan (the

"Plan"), which included a property located in Boca Raton, Florida, that Pittner and his

wife, Ludmila Pittnerova ("Pittnerova"), co-owned ("the Property").  They acquired the

Property with a mortgage loan from SMC Mortgage Company in 2007.  Although both

Pittner and his wife signed the mortgage, only his wife signed the promissory note.

Both the note and mortgage were assigned to appellant, Castle Peak.  As noted in the

Plan, Selene Finance was the servicer of the mortgage, which had a principal balance

of $354,000, with 4% interest over a term of twenty-three years.  On July 17, 2013, the

bankruptcy court granted Pittner's request to confirm the Plan.[2]  Several days later,

Pittner filed a motion, which was assented to by Selene Finance, to modify the Plan and

increase the interest rate to 4.5%.

On February 22, 2014, Pittner moved the bankruptcy court to enter a final decree

because "the Plan of Reorganization has been substantially consummated in

_____

[1]  The bankruptcy court did not issue a written decision in the proceedings below stating its findings of facts.  Accordingly, I draw the facts from the bankruptcy record, including Pittner's original verified complaint because the bankruptcy court was required to view the facts and all reasonable inferences in the light most favorable to Pittner.  See Best v. Nationstart Mortg. LLC (In re Best), 540 B.R. 1, 7–8 (1st Cir. BAP 2015).  Specifically, the facts are drawn from Pittner's original verified complaint––not his amended complaint––because that was the complaint that governed the Bankruptcy Order.  Moreover, the parties do not appear to contest any of the alleged facts.

[2]  It is undisputed that in 2013 Pittner failed to file a formal order with the bankruptcy court confirming the Plan.  However, it is also undisputed that the parties' subsequent actions presumed the Plan had been formally confirmed and Selene Finance accepted payments from Pittner in accordance with the Plan.  In any event, on August 1, 2016, the bankruptcy court entered an order confirming a modified version of the Plan that clarified the treatment of the secured claim regarding the Property serviced by Selene Finance.  See Case No. 12-12438, Dockets ## 184, 191.  The modified Plan is retroactive to July 17, 2013.

accordance with 11 U.S.C. § 1101(2) and the provisions of the plan and the confirmation order[.]"  Case No. 12-12438, Docket # 174, at 1.  The bankruptcy court granted Pittner's request and closed Pittner's Chapter 11 case on April 7, 2014.

### B.    Post-Final Decree

Beginning in May 2014, nearly a year after the original confirmation of the Plan, and a month after Pittner's bankruptcy case closed, several communications ensued between Selene Finance, Pittnerova, and Pittner's attorney regarding payment obligations on the Property under the Plan.  On May 19, 2014, Selene Finance sent to Pittnerova a Notice of Default and Intent to Accelerate that claimed the mortgage was in default, and in order to cure the fault, she had to pay $3,226.21.  Pittnerova did not respond.  Instead, in response to this notice, Pittner's attorney sent to Selene Finance a qualified written request ("QWR") for information pursuant to section 1024.36 of Regulation X and 12 U.S.C. § 2605(e).  However, Selene Finance refused to respond to Pittner's attorney because Pittnerova—not Pittner—was on record as the holder of the promissory note for the Property.  Pittner's counsel expressed that Selene Finance had participated in the bankruptcy action and demanded a response from Selene Finance to the QWR.  Selene Finance, however, continued to ignore Pittner's requests and only communicated with Pittnerova, sending her another Notice of Default and Intent to Accelerate on September 16, 2014, and claimed that she had to pay $5,953.91 in order to cure the default.  On December 29, 2014, Pittner's attorney sent a Chapter 93A demand letter to Selene Finance due to its failure to accept Pittner's mortgage payments and respond to his inquiries.

### C.    The Complaint

On November 18, 2015, Pittner filed a motion to re-open his Chapter 11 bankruptcy case and filed a complaint with the bankruptcy court against Appellants.  He alleges contempt of the confirmation order (count I), breach of contract (count II), violation of Chapter 93A (count III), and violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e) (count IV).

### D.      Bankruptcy Court Proceedings

On December 23, 2015, Appellants filed a motion to dismiss the adversary proceeding.  The bankruptcy court held a hearing on April 12, 2016, and denied the Appellants' motion in a docket order with no written explanation for its decision.  The court further directed Pittner to file an amended complaint within thirty days to clarify "specifically what activities that are alleged constitute the causes of action for each one of the counts."  Docket # 8, at 53.

Appellants appealed the Bankruptcy Order[3] but contest its jurisdiction only over counts II-IV.   This court has jurisdiction to hear the appeal under 28 U.S.C. § 158(a)(1).

## II.    Standard of Review

A district court reviews a bankruptcy court's factual findings for clear error and its legal conclusions de novo.  See In re Watman, 301 F.3d 3, 7 (1st Cir. 2002).

## III.    Discussion

"Section 1334 grants district courts (and, by delegation, bankruptcy courts), jurisdiction over four types of matters: '(1) cases under title 11, (2) proceeding[s] arising

---

[3]  Notably, shortly after Appellants filed their notice of appeal of the Bankruptcy Order, Pittner filed a Post-Confirmation Modified Chapter 11 Plan of Reorganization that modified the terms of the mortgage payment and interest, expressly noting that the changed terms are "agreed to by Selene" and that "Selene assented to confirmation."  Case No. 12-12438, Docket # 184, at 7.

under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11.'" Quincy Med. Ctr. v. Gupta, Case No. 12-40128-RWZ, 2015 WL 58633 (D. Mass. Jan. 5, 2015) (quoting Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.), 372 F.3d 154, 162 (3d Cir. 2004)).  It is undisputed that none of the alleged claims fall under the first two categories because they do not "arise under" title 11.  Pittner contends that the disputed counts fall into either the third or fourth category because they "'arise in' . . . and/or are 'related to' a bankruptcy case within the meaning of 28 U.S.C. § 1334."  Docket # 9, at 6.  Appellants counter that none of the claims fall into either category because all of the "actions and inactions alleged to have taken [sic] after April 7, 2014 [i.e., post final decree]."  Docket # 8, at 5–6.  Appellants further argue that the bankruptcy court lacked "related to" jurisdiction because adjudication of these claims will not affect Pittner's Chapter 11 estate.  Id. at 8.

"'Arising in' proceedings generally 'are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of bankruptcy.'" In re Middlesex Power Equip. & Marine, Inc., 292 F.3d 61, 68 (1st Cir. 2002) (quoting In re Wood, 825 F.2d 90, 97 (5th Cir. 1987)).  Each of the contested claims—breach of contract, violation of Chapter 93A, and RESPA—"do not lack independent existence outside of bankruptcy[.]"  In re Mitchell, 476 B.R. 33, 37 (Bankr. D. Mass. 2012); see In re Patrick, No. 13-61661, 2014 WL 7338929, at *4 (Bankr. N.D. Oh. Dec. 22, 2014) (holding that state law claims and RESPA violations "do not 'arise in' a bankruptcy case, as each violation often occurs outside of bankruptcy.")

Nor are they "related to" Pittner's bankruptcy proceeding.  "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether

the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991) (internal quotations omitted), *overruled on other grounds by* Connecticut Nat'l Bank v. Germain, 503 U.S. 249 (1992). "[T]he confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1141(b). Thus, any monetary recovery by Pittner under counts II-IV would not benefit the bankruptcy estate. Although confirmation of a plan of reorganization under Chapter 11 does not necessarily end the bankruptcy court's jurisdiction over subsequent matters, the remaining jurisdiction is limited to enforcement of the consummation of a plan. See In re Boston Reg'l Med. Ctr., Inc., 410 F.3d 100, 105–107 (1st Cir. 2005); see also In re Almac's Inc., 202 B.R. 648, 654 (Bankr. D.R.I. 1996) ("11 U.S.C. § 1142(b) authorizes post-confirmation bankruptcy orders 'necessary for the consummation of the plan.'") (quoting 11 U.S.C. § 1142(b)). In this case, however, Pittner represented that substantial consummation of the Plan was completed by February 2014 and the bankruptcy court dismissed the case later that April. Thus, Pittner's claims not only arose post-confirmation, they arose post-final decree. Accordingly, the outcome of litigating counts II-IV would have no effect on the administration of the estate and would not qualify as a "related-to" proceeding for the bankruptcy court to have subject matter jurisdiction.

## IV.    Conclusion

Appellant's appeal is ALLOWED. Judgment may be entered remanding the case to the bankruptcy court to dismiss counts II, III, and IV of Pittner's November 18, 2015 complaint.

| March 29, 2017 | /s/Rya W. Zobel |
| --- | --- |
| DATE | RYA W. ZOBEL |
| | UNITED STATES SENIOR DISTRICT JUDGE |